IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PRUFTECHNIK, INC.<br>22 West Church Street<br>Blackwood, New Jersey 08012,<br><br>&<br><br>PRUFTECHNIK SERVICE, INC.<br>22 West Church Street<br>Blackwood, New Jersey 08012<br>      *Plaintiffs*,<br><br>v.<br><br>LUDECA, INC.<br>1425 NW 88th Avenue<br>Doral, Florida 33172,<br>      *Defendant*. | Civil Action<br><br>No. _____<br><br><br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiffs Pruftechnik, Inc. and Pruftechnik Service, Inc., by their undersigned counsel Eaton & Wolk, PL and Bochetto & Lentz, P.C. (pro hac vice to be filed), file the following Complaint against Ludeca, Inc. and state in support thereof the following:

### The Parties

1. Plaintiff Pruftechnik, Inc. is a corporation organized under Delaware law, with its principal place of business located at 22 West Church Street, Blackwood, New Jersey 08012. Pruftechnik, Inc. is a wholly owned subsidiary of Pruftechnik Dieter Busch AG ("Pruftechnik").

2. Plaintiff Pruftechnik Service, Inc. is a corporation organized under Delaware law, with its principal place of business located at 22 West Church Street,

Blackwood, New Jersey 08012. Pruftechnik Service is also a wholly owned subsidiary of Pruftechnik. This Complaint will refer to Plaintiffs collectively as "Pruftechnik US."

3. Ludeca, Inc. ("Ludeca") is a corporation organized under Florida law, with its corporate headquarters and principal place of business located at 1425 NW 88th Avenue, Doral, Florida 33172.

### Jurisdiction & Venue

4. This Court has original jurisdiction of Pruftechnik US's Lanham Act claim under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331, and of Pruftechnik US's Sherman Act antitrust claim under 15 U.S.C. §§ 4 and 15, and 28 U.S.C. § 1337(a).

5. In addition, because there exists complete diversity of citizenship between Pruftechnik US and Ludeca and the amount in controversy exceeds $75,000, this Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(1).

6. This Court has supplemental jurisdiction over Pruftechnik US's state and common law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), because Ludeca is a resident of this District, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Pruftechnik US's claims occurred within the geographical region embraced by the United States District Court for the Southern District of Florida.

## Factual Background

8. Pruftechnik is a global leader in the design, manufacture and distribution of high-tech alignment and condition monitoring products, primarily for industrial applications. Pruftechnik products include a wide array of portable instruments, sensors, and software platforms.

9. Pruftechnik's customers use its products and technologies in a vast range of industrial applications, including shaft alignment, condition monitoring, field balancing, geometrical alignment, mounting roller bearings, nondestructive testing, roll alignment, turbine alignment, vibration analysis, and wear particle monitoring.

10. Since its founding in 1972, Pruftechnik has assembled a portfolio of over 300 worldwide patents (granted or pending) and over 150 globally registered trademarks.

### A. The Background of the Pruftechnik/Ludeca relationship, the termination of Ludeca's exclusive distribution rights, and Pruftechnik US's direct sales and servicing of Pruftechnik products

11. In 1983, Pruftechnik and Ludeca entered into a distribution agreement (the "1983 Agreement") that granted Ludeca the exclusive right to distribute a limited class of Pruftechnik's products (the "ALI 2000," "EDDYTHERM," "VIBREX," and "VIBROSPECT" products) in the United States (and in certain South American and Caribbean territories). [Exhibit "1"].

12. Over the next two decades, the 1983 Agreement underwent a few modifications and clarifications, but Ludeca's United States sales of Pruftechnik products were, at best, disappointing.

13. Accordingly, by notice dated June 27, 2006, Pruftechnik terminated the 1983 Agreement, together with all amendments, supplements, and modifications. Based on this termination notice, Ludeca lost all exclusivity rights with respect to the United States sales of Pruftechnik products (to the extent that any such rights still existed) on December 31, 2006. [Exhibit "2"].

14. To facilitate its direct sale of Pruftechnik products and services in the United States, Pruftechnik established plaintiffs Pruftechnik Service, Inc. in 2004, and Pruftechnik, Inc. in 2007.

15. Beginning in 2007, these Pruftechnik US entities have sold and marketed Pruftechnik products and services, with a particular emphasis on services, to United States customers wholly independently of Ludeca, and Ludeca was fully aware of these direct sales and marketing efforts.

16. Like Ludeca, Pruftechnik US sells Pruftechnik products in the United States through independent sales representatives and agents, who typically exercise exclusive sales rights within their respective sales territories and regions of operations. These independent agents are central to the successful marketing, sales, and service of Pruftechnik products throughout the United States.

17. At a January 2007 meeting at Pruftechnik's Ismaning, Germany corporate headquarters, Ludeca tried to persuade Pruftechnik to enter into a new

distribution agreement, granting Ludeca the exclusive right to distribute Pruftechnik products in the United States, Venezuela and the Caribbean.

18. Immediately preceding these January 2007 discussions, Pruftechnik had in fact offered Ludeca a draft contract that included a limited exclusivity, but Ludeca rejected the proposal. Nonetheless, from 2007 through the present, Ludeca continued to distribute Pruftechnik products in the United States by placing individual orders, the terms of which were governed by individual invoices and a standard electronics industry "supply agreement." [Exhibit "3"].

19. At a March 12, 2012 meeting between Pruftechnik and Ludeca representatives at Ludeca's facility in Doral, Ludeca's principals in fact conceded that Ludeca had no exclusive United States' distribution rights.

20. Also at that Doral meeting, Pruftechnik demanded that Ludeca eliminate from Ludeca's website and marketing materials all references to the existence of any exclusive distribution relationship. Ludeca complied, and removed references to exclusivity from its website and marketing materials. [Exhibit "4" (Ludeca website)].

21. Pruftechnik also expressed concern that Ludeca's marketing materials and activities were falsely suggesting to existing and prospective customers that Ludeca itself manufactured Pruftechnik products, and demanded that Ludeca correct that false impression by prominently identifying Pruftechnik as the manufacturer of the products distributed by Ludeca.

5

22. Beginning in 2013, Pruftechnik's direct sales of Pruftechnik products and services in the United States and Canada, which represent a homogenous market in terms of large customers and sales and marketing events, exceeded Pruftechnik's sales to Ludeca in that market. In December 2013, Pruftechnik advised Ludeca of this volume of direct sales and requested Ludeca's close and good-faith coordination of all North American marketing activities.

23. Over the next several years, Pruftechnik's direct sales continued to increase, and Pruftechnik US expanded service operations in the United States to include the repair of Pruftechnik products and customer training. Again, Ludeca was fully aware of these activities, which Pruftechnik believed were mutually beneficial to both Pruftechnik US and Ludeca.

24. In 2014, Pruftechnik US began to develop a service center and office complex in Philadelphia, Pennsylvania, to coordinate all United States' activities, particularly with respect to product delivery and services to Pruftechnik US's direct customers. On information and belief, Ludeca knew about this plan, and Pruftechnik fully intended to continue cooperating with Ludeca and to offer Ludeca deliveries from Philadelphia.

### B. Ludeca's marketing activities intended to create customer confusion and the false impression that Ludeca itself manufactures Pruftechnik products

25. In response to Pruftechnik's 2012 demand that Ludeca prominently identify Pruftechnik as the manufacturer of the products Ludeca was distributing, Ludeca proceeded in the opposite direction, obscuring if not eliminating any

6

reference to Pruftechnik as the source and manufacturer of the products that Ludeca was only distributing.

26.   Beginning in 2012, Ludeca launched a new marketing campaign (including revised corporate logos) plainly designed to eliminate or minimize all references to Pruftechnik as the manufacturer of the products that Ludeca was distributing in the United States, particularly with respect to Ludeca's marketing activities for Pruftechnik's ROTALIGN and OPTALIGN products. [Exhibit "5" (Ludeca website product information pages)].

27.   Indeed, Ludeca has received and accepted industry awards for its "LUDECA ROTALIGN" product, leading existing and prospective customers to falsely believe that Ludeca, not Pruftechnik, is the product's manufacturer. Similarly, Ludeca has designed its marketing activities for Pruftechnik's OMNITREND software platform to lead consumers to falsely believe that Ludeca developed and owns the software.

28.   As an early example of Ludeca's efforts to create consumer and market confusion, in 2008 Ludeca posted a trade show invitation on the "EnergyVortex" website (which describes itself as "an open industry site serving "the B2B community" to connect "buyers and sellers") announcing: "LUDECA will have on display the Award-Winning ROTALIGN ULTRA shaft alignment system and the VIBXPERT, the most advanced vibration analyzer in the market! See them at WEEC 2008 Booth# 642." Without any reference to Pruftechnik, the post advertised – "**Manufacturer – LUDECA**." [Exhibit "6"].

29. As evidence of actual consumer confusion in the market, on December 22, 2015, the United States Department of the Air Force, Space Command Office, issued a public solicitation for the Department's purchase of a "Laser Alignment Shift device," specifically requesting that prospective vendors provide price and term quotes for the "Ludeca Optalign Part# ALI." Nothing in the Department's RFP identified Pruftechnik as the manufacturer of the "Ludeca Optalign Part# ALI." [Exhibit "7"].

30. To continue its efforts to mislead existing and prospective customers, a recent Ludeca press release announced: "Uptime Magazine and the Association for Asset Management Professionals have announced the winners of the 2015 Solution Awards, which recognize the people's choice for the best products, services, software and training. LUDECA Inc. earned top honors in the Solution Award for Asset Condition Management for *its* ROTALIGN® ULTRA iS laser shaft alignment tool." [Exhibit "8" (emphasis added)].

31. As further evidence of actual consumer confusion, an individual posted the following request on the website of the Association of Management Professionals, asking how Ludeca's vibration scanning equipment compared to those of other manufacturers: "I have seen some posts comparing **Ludeca's vibe scanner** with [E]ntec and [CSI] equipment but I was wondering if anyone had experience with the new vibexpert. We are currently looking at upgrading." [Exhibit "9"].

### C. Ludeca's disparagement of Pruftechnik products and efforts to sabotage Pruftechnik US's sales of Pruftechnik products

32. In early 2015, Pruftechnik began considering a possible acquisition of Ludeca, and the parties entered into a non-disclosure agreement granting Pruftechnik access to financial information necessary to evaluate the potential transaction.

33. When plans for this acquisition fell through, Ludeca pursued a plan to cut off the ability of either Pruftechnik or Pruftechnik US to sell products directly in the United States.

34. As set forth more fully herein, Ludeca has engaged in conduct intended to interfere with and disrupt Pruftechnik US's ability to directly market Pruftechnik products in the United States.

35. Ludeca has acknowledged pursuing an agreement with Sweden-based Easy-Laser AB (formerly known as Damalini AB), to serve as the exclusive United States distributor of the company's "Easy-Laser" product line. These laser alignment products compete directly with Pruftechnik's comparable alignment products.

36. In late summer 2015, Ludeca first began to insinuate, and then to actually claim, that Ludeca had the right to purchase Pruftechnik products directly from Germany, and thus bypass Pruftechnik US.

37. Despite the express termination of any exclusive United States distributorship rights in 2007, Ludeca also began insinuating, and then claiming outright, that Ludeca somehow continued to possess the exclusive rights to

9

distribute Pruftechnik products in the United States, and that Pruftechnik was prohibited from distributing its own products in the United States, either through Pruftechnik US or directly.

38. Ludeca's efforts to disrupt and interfere with Pruftechnik US's sales and marketing in the United States include a series of public statements by Ludeca's principals and management disparaging Pruftechnik's business, products, ability to conduct business in the United States, and indeed insinuating that Pruftechnik engages in Nazi-like business tactics.

39. On October 17, 2015, appearing in a bomber jacket and describing his flight on a B-17 bomber, Ludeca's principal Dieter Seidenthal opened Ludeca's annual sales meeting (Oct. 17-18, in Miami) by comparing Pruftechnik's principals to the "arrogant Germans of World War II." To reinforce the comparison, at a recent international sales conference in Germany, Ludeca Vice President Alan Ludeking commented to a member of Pruftechnik's international sales team – "We know how German companies work, like Volkswagen [with its recent, highly-publicized testing fraud], Pruftechnik is the same."

40. Seidenthal continued his opening speech by accusing Pruftechnik, in the early 1980s, of having stolen the technology for Pruftechnik's first laser alignment system from an American company that Ludeca had introduced to Pruftechnik. He proceeded to falsely tell the audience of national representatives that Pruftechnik was subsequently found liable for patent infringement.

41.     Later in Ludeca's two-day Miami conference, Ludeca representatives introduced Pruftechnik's new ROTALIGN Touch platform. But instead of promoting the product, the Ludeca representatives criticized the ROTALIGN Touch's internet, Wi-Fi, and camera features, claiming they "were out of touch" with what Pruftechnik's industrial and factory customers would allow. The Ludeca representatives claimed that the product's alleged deficiencies arose from Pruftechnik's "arrogance" and failure "listen to Ludeca," and that Pruftechnik "had lost touch with the market."

42.     Additionally, although having multiple units of the ROTALIGN Touch product in stock, Ludeca has announced that "this product will currently not be sold by Ludeca as the firmware is not up to their standards and cannot be sold like this."

43.     As a result of Ludeca's baseless and plainly strategic refusal to sell the ROTALIGN Touch, Ludeca has blocked United States sales or marketing of what Pruftechnik considers a new "flagship" product.

44.     Indeed, despite its repeated demands for and claims of exclusive distribution rights, Ludeca has an established history of refusing or simply neglecting to sell key Pruftechnik products. These products include VIBGUARD, Pruftechnik's premier online condition monitoring instrument which in all other markets serves as a central component of Pruftechnik's condition monitoring product line. Because of Ludeca's conduct, Pruftechnik and Pruftechnik US have been precluded from selling the VIBGUARD product and related services in the United States.

### D. Ludeca's efforts to dismantle Pruftechnik US's team of independent sales representatives

45. As explained above, both Ludeca and Pruftechnik US sells Pruftechnik products through regionally-based, independent sales representatives and agents.

46. Following large trade shows, such as the one held in Bonita Springs in early December, 2015, Ludeca typically provides its independent representatives with substantial customer leads for Pruftechnik alignment equipment. But since December 2015, Ludeca's leads to these sales representatives for Pruftechnik's products have essentially evaporated. The resulting loss of commission revenues has indeed imperiled their ability to continue in business.

47. On information and belief, Ludeca has begun compiling leads for Easy-Laser sales representatives and intends to promote and market the Easy-Laser product as a superior alternative to Pruftechnik's competing products.

48. Although to date, Pruftechnik US has focused on providing services and support to United States customers, and its direct product sales have been limited (primarily to the ROTALIGN Touch platform), the independent sales representatives are eager to sell Pruftechnik products through orders placed to Pruftechnik US (or to Pruftechnik) directly. The independent sales representatives believe that by placing orders directly with Pruftechnik US, they could obtain for their customers Pruftechnik products not offered by Ludeca, along with lower prices and better product support and services.

49. Ludeca has nonetheless threatened to sue any independent sales representative who attempts to place customer orders for Pruftechnik products

directly with Pruftechnik US – even though none of Ludeca's independent representatives has signed any type of non-competition agreement with Ludeca.

50. Indeed, despite Ludeca's prior admissions that any exclusive distribution rights terminated in 2007, Ludeca nonetheless continues to claim an exclusive contractual right to sell Pruftechnik products in the United States. Relying on that false claim and threats of legal action, Ludeca is plainly attempting to intimidate the independent sales representatives and prevent them from working with Pruftechnik US going forward, which conduct constitutes unfair competition.

51. In sum, Ludeca has devised and implemented a multi-prong scheme to destroy Pruftechnik US's customer base and United States sales and, in combination with Easy-Laser AB and its Easy-Laser product line, to monopolize the United States market for alignment products and services.[1]

## COUNT I
## (Lanham Act – 15 U.S.C. § 1125(a))

52. Pruftechnik US incorporates by reference each of the preceding Paragraphs of this Complaint.

53. All Pruftechnik products sold in the United States are identified, marketed, and sold under unique product names subject to federal trademark These

---

[1] On December 11, 2015, based on an *ex parte* application premised on demonstrably false averments and without an evidentiary hearing, Ludeca obtained the equivalent of a temporary restraining order from a court in Munich, Germany, requiring Pruftechnik to continue all United States sales through Ludeca. Although its attorneys in Germany are aggressively moving to vacate the Munich court's order, Pruftechnik has complied in full with the order's requirements. The causes of action that Pruftechnik US asserts in this action, including its Lanham Act and Sherman Act antitrust claims, are properly before this Court.

trademarked product names include "ROTALIGN," "ROTALIGN Touch," "OPTALIGN," "VIBXPERT," and "OMNITREND" (the "Pruftechnik Trademarks"). [Exhibit "10" (Pruftechnik Registered US Trademarks)].

54. In distributing Pruftechnik products in interstate commerce and throughout the United States, Ludeca extensively and continuously uses the Pruftechnik Trademarks in connection with its sales and marketing of Pruftechnik products and services.

55. In approximately 2012, following Pruftechnik's demand that Ludeca prominently identify Pruftechnik as the manufacturer of the products Ludeca was distributing, Ludeca deliberately obscured if not eliminated references to Pruftechnik as the source and manufacturer of the products that Ludeca was selling and marketing under the Pruftechnik Trademarks.

56. Ludeca's use of the Pruftechnik Trademarks is likely to cause, and has indeed caused actual consumer confusion, regarding the true manufacturer and source of the Pruftechnik products that Ludeca markets and distributes in the United States.

57. Ludeca's false designations of origin and false and misleading representations and descriptions of fact are likely to cause consumer confusion, mistake, or deception as to the origin of goods and services, causing economic harm to Pruftechnik US in the form of lost sales, lost sales opportunities, and diminished business reputation.

58. Ludeca's conduct and actions described above violate § 1125(a) of the Lanham Act and have and will cause economic harm to Pruftechnik US in amounts not yet calculated.

59. Pruftechnik US has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

**WHEREFORE**, Plaintiffs Pruftechnik, Inc. and Pruftechnik Service, Inc. request that the Court enter judgment in their favor and against Defendant Ludeca, Inc., award Plaintiffs their damages established at trial, including Plaintiffs' lost profits, Defendant's profits, three times Plaintiffs' actual damages, and Plaintiffs' costs for corrective advertising, together with Plaintiffs' attorneys' fees and costs incurred in bringing and maintaining this action, and such other relief that the Court finds just and equitable.

<u>COUNT II</u>
(Deceptive and Unfair Trade Practices Act
– Fla. Stat. § 501.201-213)

60. Pruftechnik US incorporates by reference each of the preceding Paragraphs of this Complaint.

61. Ludeca's conduct described above, including but not limited to Ludeca's efforts to confuse existing and potential customers as to the actual manufacturer and source of Pruftechnik products and services, constitutes unfair and deceptive acts and practices in the conduct of trade and commerce, within the scope of and prohibited by Fla. Stat. § 501.204(1).

62. Ludeca's unfair and deceptive trade and marketing practices have caused actual consumer confusion regarding the true manufacturer of the Pruftechnik products that Ludeca markets and sells in the United States.

63. Ludeca's unfair and deceptive trade and marketing practices have caused economic harm to Pruftechnik US in the form of lost sales, lost sales opportunities, and diminished business reputation.

64. Pruftechnik US is entitled to all remedies authorized by Fla. Stat. § 501.2105 and § 501.211, including its reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs Pruftechnik, Inc. and Pruftechnik Service, Inc. request that the Court enter judgment in their favor and against Defendant Ludeca, Inc., award Plaintiffs their damages established at trial, together with Plaintiffs' attorneys' fees and costs incurred in bringing and maintaining this action, and such other relief that the Court finds just and equitable.

<u>COUNT III</u>
(Attempted Monopolization – 15 U.S.C. § 2)

65. Pruftechnik US incorporates by reference each of the preceding Paragraphs of this Complaint.

66. Through its anticompetitive conduct alleged above, Ludeca specifically intended and intends to maintain and expand its monopoly power in the distribution and sale of alignment and condition monitoring products and services in the United States.

67. As evidenced by Ludeca's high or monopoly market shares for the distribution and sale of alignment and condition monitoring products and services

in the United States, Ludeca's abuse of market power, its ability to exclude or foreclose competition and control independent sales representatives, and the high barriers to entry into the relevant markets, Ludeca's anticompetitive scheme has had a direct adverse effect on competition and, at a minimum, has a dangerously high probability of success.

68. Ludeca's conduct constitutes attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

69. As a direct and proximate result of Ludeca's unlawful conduct in furtherance of the violations alleged, Pruftechnik US has been injured in its business and property by being foreclosed from fair competitive access to relevant product and services markets.

70. In addition to an award of three times its actual damages, Pruftechnik US is entitled to recover from Ludeca the costs of bringing and maintaining this suit, reasonable attorneys' fees, and interest as authorized by 15 U.S.C. § 15.

71. Pruftechnik US will suffer irreparable injury and loss of its business and property, for which there is no adequate remedy at law, unless the Court enjoins Ludeca from its unlawful conduct and continuing violations of the antitrust laws.

**WHEREFORE**, Plaintiffs Pruftechnik, Inc. and Pruftechnik Service, Inc. request that the Court enter judgment in their favor and against Defendant Ludeca, Inc., award Plaintiffs three times their damages established at trial, together with Plaintiffs' attorneys' fees, the costs incurred in bringing and maintaining this

action, statutory interest, and such other relief that the Court finds just and equitable.

## COUNT IV
### (Tortious Interference with Business Relationship)

72. Pruftechnik US incorporates by reference each of the preceding Paragraphs of this Complaint.

73. Pruftechnik US maintains existing business relationships with United States purchasers of Pruftechnik products and services, as well as with the independent sales representatives critical to Pruftechnik's US's ability to maintain and expand its customer base.

74. At all relevant times, Ludeca had actual knowledge of these existing business relationships and their economic benefit to Pruftechnik US.

75. Ludeca acted purposely, without justification, and with malice and specific intent to disrupt and interfere with Pruftechnik US's business relationships with both customers of Pruftechnik's products and services and with the independent sales representatives.

76. As a direct and proximate result of Ludeca's wrongful actions, Pruftechnik US has been injured and continues to suffer financial injury.

77. Ludeca has acted willfully, maliciously, and oppressively, with full knowledge of the adverse effects of its actions on Pruftechnik US, warranting the award of punitive damages.

**WHEREFORE**, Plaintiffs Pruftechnik, Inc. and Pruftechnik Service, Inc. request that the Court enter judgment in their favor and against Defendant Ludeca,

Inc., award Plaintiffs their damages established at trial, together with punitive damages, Plaintiffs' costs incurred in bringing and maintaining this action, and such other relief that the Court finds just and equitable.

Respectfully submitted by:

| | |
|---|---|
| **BOCHETTO & LENTZ, P.C.** <br> Gavin P. Lentz (pro hac vice t/b/f) <br> Thomas E. Groshens (pro hac vice t/b/f) <br> 1524 Locust Street <br> Philadelphia, PA 19102 <br> (215) 735-3900 <br> glentz@bochettoandlentz.com <br> tgroshens@bochettoandlentz.com | /s/ *William G. Wolk* <br> William G. Wolk <br> Florida Bar No. 103527 <br> **EATON & WOLK PL** <br> 2 South Biscayne Blvd, Suite 3100 <br> Miami, Florida 33131 <br> (305) 249-1640 <br> wwolk@eatonwolk.com <br><br> *Local Counsel for Plaintiffs, Pruftechnik, Inc. and Pruftechnik Service, Inc.* |

**Dated:** February 4, 2016